IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CIVIL ACTION |
| | : | |
| EX PARTE APPLICATION OF JUAN MARIA ALTGELT TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | : : : : : : : | No. 20-mc-111 |
| | : | |

## **MEMORANDUM**

The Court is called upon to use its discretion under 28 U.S.C. § 1782 and issue subpoenas to assist Juan Maria Altgelt (the "Applicant") in a divorce proceeding, in which Applicant intends at some point in the very near future to file a formal divorce petition in Argentina. But the timing of a filing in the near future is questionable by the very implications of starting a non-party discovery process in this jurisdiction alleging that the information here is required to file a formal divorce petition in Argentina.

The Court declines to exercise its discretion at this time and denies Applicant's *Ex Parte* Application for Judicial Assistance pursuant to 28 U.S.C. § 1782 (ECF No. 1) without prejudice. If an application is re-filed, the applicant upon filing must represent on the filing documents that the filing is directly related to this filing.

1

Applicant's *Ex Parte* Application seeks pre-litigation discovery to aid in the filing of the formal divorce petition. ECF No. 1. at ¶ 3. The *Ex Parte* Application, by its own terms, indicates that the Acquired Shares of Tia Ecuador and Ta-Ta Uruguay are marital property. *Id*. at ¶¶ 4-5.

In the *Ex Parte* Application, Applicant has identified and alleged that the Acquired Shares have been purchased or are being purchased by dividends, which are profits earned during the marriage, therefore making the shares marital property. *Id*. at ¶ 5. The Application does not indicate that the actual acquisition of the Acquired Shares is in dispute between the putative parties. In fact, the allegation is that the acquisition is acknowledged, but the ownership and the designation as to whether it is marital or not are at issue. The dispute identified by Applicant is whether the Acquired Shares are marital property and, because of the dispute, the Applicant's wife will not turn over relevant documents. *Id*. at ¶ 6. Applicant has not indicated that he petitioned the Argentinian courts to order Applicant's wife to do so. Applicant did not turn, as of yet, to the Argentinian courts to resolve the dispute as to how to designate the Acquired Shares and delineate the nature of any discovery the Argentinian Court would allow or need in determining these issues. Instead, the Applicant has turned to the United States District Court for the Eastern District of Pennsylvania in the first instance.

There is no dispute, as of yet, as to what funds were used or are being used to purchase the Acquired Shares, although at some point that may become an issue in the divorce litigation if the formal divorce litigation is ever commenced. Presumably, by following the logic of the Application, the "formal" divorce petition would not be filed until this discovery process on which Applicant seeks to proceed in the Eastern District is complete.  Yet this process could, in and of itself, be protracted given that, as of yet, no discovery parameters have been set by the Argentinian courts in relationship to the marital asset issue.  This Court would be asked to set those parameters and is not equipped with a litigation record that would enable it to do so, and creating such a record is, in the first instance, a matter for the Argentinian Courts.  At this time, when one scours the allegations in the Application, there appears to be no divorce record at all, as the parties were, prior to the filing of any formal divorce petition, engaged in pre-litigation negotiations that have now just recently reached an impasse.

Furthermore, the *Ex Parte* Application does not indicate why it must be filed ex parte.  The *Ex Parte* Application, by implication from its own terms, verifies that Applicant has enough information to describe the marital assets to the fullest extent "possible" at the filing of the formal divorce petition as required by Argentine Law, should he so file, including information about the Acquired Shares.  Applicant, by his own terms in the *Ex Parte* Application, is in a position to

file a comprehensive formal divorce petition and commence litigation on the marital assets including the allegation that the Acquired Shares are marital property and purchased from dividends which were profits earned during the marriage.  By his own terms, the conclusion is clearly drawn that Applicant does not need this Court's assistance to file his formal divorce petition, although he made need it later depending on the issues that develop under the supervision and direction of the Argentine Judge who will be assigned the case.

     Given the extensive pre-formal petition discovery requested by the *Ex Parte* Application regarding the transaction, this Court in the Eastern District of Pennsylvania could become, by default, certainly not by design, the focal point for extensive pre-discovery litigation and motion practice and for global settlement of the domestic proceedings in Argentina before a formal divorce petition is filed in Argentina and before the Argentinian courts have a chance to decide the Trust Issue and decide, in terms of the Trust issue, what is discoverable as to the transaction.

     Once the Argentinian Courts establish this foundation and the discovery parameters, the Court may, at that time, render the assistance to the foreign tribunal and the interested parties as requested upon renewed Application.  Although not intended, the *Ex Parte* Application, on its face at this "stage" of the pre-formal proceeding, does not appear to be an aid to a foreign tribunal or an aid to an

interested party for a proceeding, but an end-around the foreign tribunal and an aid to an interested party pre-formal proceeding.  The Court denies Applicant's *Ex Parte* Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 (ECF No. 1).  An appropriate order will follow.

**BY THE COURT:**

/s/ **Chad F. Kenney**
_____
**CHAD F. KENNEY, JUDGE**
